IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREG D. HAVERLAH,

        Plaintiff,                    No. CIV S-11-3450 MCE EFB P

    vs.

SMITH,

        Defendant.              <u>ORDER</u>

                                  /

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

1

**II.   Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

1        The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it is so
2 so vague and conclusory that it does not state a cognizable claim or comply with Rule 8.
3 Plaintiff does not identify any claims for relief in the complaint, nor does he link any defendant
4 to an alleged violation of his federal rights.  Thus, to proceed plaintiff must file an amended
5 complaint.
6        Plaintiff names Smith, Chief Medical Officer, as the sole defendant.  He alleges as
7 follows:

> My back causes me a lot of pain.  On 1-11-11 I was removed from effective medication for my back.  On 3-16-11 I was removed from medication that helped with pain radiating down my right leg.

10 Dckt. No. 1, § IV (Statement of Claim).
11        The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.
12 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
13 notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*
14 *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of
15 particularity overt acts which defendant engaged in that support plaintiff's claim.  *Id.*
16        Moreover, the complaint does not includes sufficient factual allegations to state a
17 plausible claim for relief.  In an amended complaint, plaintiff must identify as a defendant only
18 persons who personally participated in a substantial way in depriving him of a federal
19 constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects
20 another to the deprivation of a constitutional right if he does an act, participates in another's act
21 or omits to perform an act he is legally required to do that causes the alleged deprivation).
22        Plaintiff is hereby informed of the following standards governing constitutional claims
23 under 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege: (1) the
24 violation of a federal constitutional or statutory right; and (2) that the violation was committed
25 by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988);
26 *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a

3

civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). Plaintiff has not sufficiently alleged that defendant acted with the requisite deliberate indifference for an Eighth Amendment claim or that the acts or omissions of any defendant caused him any injury.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

1 their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
2 shall clearly set forth the claims and allegations against each defendant. Any amended
3 complaint must cure the deficiencies identified above and also adhere to the following
4 requirements:

5 Any amended complaint must be complete in itself without reference to any prior
6 pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once
7 plaintiff files an amended complaint, the original pleading is superseded.

8 Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an
9 amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
10 complaints).

11 Accordingly, the court hereby orders that:

12 1. Plaintiff's request to proceed in forma pauperis is granted.

13 2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in
14 accordance with the notice to the Director of the California Department of Corrections and
15 Rehabilitation filed concurrently herewith.

16 3. The complaint is dismissed with leave to amend within 30 days. The amended
17 complaint must bear the docket number assigned to this case and be titled "First Amended
18 Complaint." Failure to comply with this order will result in a recommendation that this action be
19 dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable
20 claim the court will proceed with service of process by the United States Marshal.

21 Dated: April 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE